DECISION. *Page 2 
{¶ 1} Amy Thesing appeals her conviction for one count of menacing.[1] We affirm.
 I. Bad Blood {¶ 2} Amy Thesing and Candace Black did not agree on much at Thesing's trial. But they agreed that they did not like each other — there was "bad blood" between them. The two parties sharply diverged in their versions of the incident that led to Thesing's arrest.
 {¶ 3} Black's testimony matched that of her mother-in-law, Wanda Black. They were in Black's car at the end of a funeral procession. Thesing was on the opposite side of the street. Thesing swerved her van toward Black's car and stopped about two feet away. Thesing yelled that she was going to "whip [Black's] ass." Black called the police, who told her to try to get Thesing's license-plate number. Black left the funeral procession and found Thesing's van at a convenience store. She pulled into the adjacent lot to call the police again. Thesing exited the convenience store, walked approximately 100 feet, and stopped a few feet away from Black's car. Black yelled that she had called the police. Thesing looked angry and threatened that if she could not beat Black, she would get someone else to do it. Black testified that she believed that Thesing would cause her physical harm.
 {¶ 4} Thesing and Dee Brinker, a passenger in Thesing's van, testified to a much different story. They said that they were pulled over opposite a funeral procession. They heard Black yell profanities at them, but did not drive toward her. *Page 3 
Instead, Thesing drove to a bank and then to the convenience store. Thesing saw Black's car and saw Wanda waving her over — they were on good terms, and Thesing thought that Wanda wanted to talk about a mutual friend's death. When Thesing was about ten or fifteen feet from the car, Black yelled that she had called the police. Thesing responded that she would welcome the arrival of the police because Black was stalking her. Thesing did not threaten Black or intend to harm her. Thesing and Brinker waited in Thesing's van for about ten minutes for the police to arrive, but they made no report themselves.
 {¶ 5} The trial court believed Black and Wanda — it found Thesing guilty of menacing. The court sentenced Thesing to 30 days in jail, but suspended the confinement. The court placed Thesing on probation for one year and prohibited her from having any contact with Black.
 II. Assignment of Error {¶ 6} Thesing has appealed her conviction. She argues that the evidence was insufficient as a matter of law to sustain the conviction, and that the conviction was against the manifest weight of the evidence.
 {¶ 7} The sufficiency of evidence is a legal concept — the reviewing court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the state had proved all elements of the crime beyond a reasonable doubt.[2]
 {¶ 8} Whether a conviction is against the manifest weight of the evidence involves a different test. The appellate court reviews the entire record to determine if *Page 4 
the trier of fact "lost its way," creating a miscarriage of justice that necessitates a new trial.[3] A new trial should only be granted when the evidence weighs heavily against a conviction.
 {¶ 9} In this case, the state had to prove that Thesing had knowingly caused Black to believe that Thesing would cause physical harm to Black or her property.[4] Thesing acted knowingly if she was aware that her conduct would probably cause Black to believe that Thesing would cause her physical harm. The state produced evidence that Thesing had knowingly threatened to harm Black, and that Black believed that Thesing would make good on her threat. A rational trier of fact could have found that the state had proved all elements of the crime beyond a reasonable doubt. The state produced sufficient evidence.
 {¶ 10} Moreover, Thesing's conviction was not against the manifest weight of the evidence. The trial court was in the best position to judge the witnesses' credibility. The trial court was free to believe Thesing and Brinkman's testimony at trial. But it was also free to believe Black and Wanda's testimony. The conviction was not a miscarriage of justice, and the evidence did not weigh heavily against the conviction.
 {¶ 11} For the foregoing reasons, we affirm the trial court's judgment.
Judgment affirmed.
SUNDERMANN and DINKELACKER, JJ., concur.
[1] R.C. 2903.22(A).
[2] State v. Elmore, 111 Ohio St.3d 515, 2006-Ohio-6207,857 N.E.2d 547, at ¶ 43; Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781.
[3] State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[4] R.C. 2903.22(A). *Page 1